IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 06-cr-0321 |
| | ) | Electronically Filed |
| PAUL RENO LIVENGOOD | ) | |

## MEMORANDUM ORDER

Presently before this Court is Defendant Paul Livengood's Motion for Time Credit Spent on Pre-Trial House Arrest. Doc. No. 65. Defendant requests that he receive credit toward his federal sentence for the time that he spent on pre-trial house arrest, from August 17, 2006 through January 23, 2008.[1]

Title 18 United States Code Section 3585(b) provides that a defendant generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Here, Defendant requests credit for time spent on home incarceration, per United States Magistrate Judge Robert Mitchell's August 17, 2006, Order Setting Conditions of Release. Doc. No. 15. Per Judge Mitchell's Order, Defendant was placed on home incarceration with electronic monitoring. *Id.* at 2. ("You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.") The issue presented is whether Defendant's home incarceration constitutes official detention within the meaning of 18 U.S.C. § 3585.

The United States Supreme Court held in *Reno v. Koray*, that while a defendant was on home arrest and was hospitalized, he "was not under the control of the Bureau of Prisons or

---

[1] The Court notes that Defendant was sentenced by this Court on December 7, 2007, to 70 months imprisonment. Defendant was permitted to voluntarily surrender to the custody of the United States Bureau of Prisons. Doc. No. 62.

Attorney General" and therefore, was not under "official detention" for the purposes of 18 U.S.C. § 3585. 515 U.S. 39 (1995). Prior to *Reno*, the United States Court of Appeals for the Third Circuit held, in *Edwards v. United States*, that where a defendant was placed on home confinement and permitted to attend church, church choir practice, attorney and court appointments, "the terms of [Defendant's] home confinement were not sufficiently onerous to approach jail-type incarceration, and, therefore, did not constitute official detention within the meaning of 18 U.S.C. § 3585." 41 F.3d 154, 155 (1994).

Here, during his home incarceration, Defendant was not under the control of the Bureau of Prisons or the Attorney General, and such restriction was also not "sufficiently onerous to approach jail-type incarceration" because he was permitted to leave for medical needs or treatment, religious services, and pre-approved court appearance. Therefore, Defendant's home incarceration did not constitute official detention within the meaning of 18 U.S.C. § 3585. Accordingly, Defendant's Motion for Time Credit Spent on Pre-Trial House Arrest will be denied.

AND NOW, this 12th day of May, 2011, for the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Time Credit Spent on Pre-Trial House Arrest is **DENIED**.

               s/ Arthur J. Schwab
               Arthur J. Schwab
               United States District Judge

cc:  All Registered ECF Counsel and Parties

   Paul Livengood, *Pro Se Litigant*
   Reg. No. 09113-068
   FCI McKean
   P.O. Box 8000
   Bradford, PA
   16701